WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adan Gonzalez,<br><br>        Plaintiff,<br><br>v.<br><br>Lance Hetmer, et al.,<br><br>        Defendants. | No. CV-22-01672-PHX-JJT (ESW)<br><br>**ORDER** |

Pending before the Court are Plaintiff's third and fourth Motions to Appoint Counsel (Docs. 248, 250), Plaintiff's "Settlement Conference" (Doc. 251), Plaintiff's "Motion to Grant Plaintiff's Motion" (Doc. 252), and Defendants' "Motion to Strike and Seal Plaintiff's 'Settlement Conference' Filing" (Doc. 253).

As the Court previously explained to Plaintiff (Docs. 134, 147), there is no constitutional right to the appointment of counsel in a civil case. *See Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991); *Ivey v. Bd of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). In pro se and in forma pauperis proceedings, district courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989). District courts, however, do have the discretion to request that an attorney represent an indigent civil litigant upon a showing of "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Agyeman v. Corrections Corp. Of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional circumstances requires an

evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issue involved. *Id.* "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, the Court does not find that exceptional circumstances are present that would require the appointment of counsel in this case at this time. Plaintiff remains in a position no different than many pro se prisoner litigants. Plaintiff's Motions for the appointment of counsel (Docs. 248, 250) will be denied.

In his "Settlement Conference" document (Doc. 251), Plaintiff sets forth confidential information that is only properly before the settlement Magistrate Judge in preparation for the settlement conference scheduled for May 27, 2025 at 9:30 a.m. by video conference (Docs. 246, 247). Therefore, the Court will seal and strike Plaintiff's "Settlement Conference" document (Doc. 251) without prejudice to the Plaintiff to raise his concerns and position as set forth in his document at the settlement conference itself.

For the reasons set forth herein,

IT IS ORDERED denying Plaintiff's Motions for Appointment of Counsel (Docs. 248, 250).

IT IS FURTHER ORDERED granting Defendants' Motion to Strike and Seal Plaintiff's 'Settlement Conference' Filing (Doc. 253). The Clerk of Court is instructed to seal and strike Plaintiff's "Settlement Conference" document (Doc. 251).

IT IS FURTHER ORDERED denying as moot Plaintiff's "Motion to Grant Plaintiff's Motion" (Doc. 252) as a settlement conference has been set and the Court has ruled on all of Plaintiff's motions (Docs. 248, 250, 251).

Dated this 5th day of May, 2025.

Honorable Eileen S. Willett
United States Magistrate Judge